# United States Bankruptcy Court
## Middle District of Florida
### Tampa Division

In re Floyd E. Egner, III
aka Floyd Egner
Susan L. Suby
aka Sue Suby,
    Debtors

Case No. 8:19-bk-01567-CPM
Chapter 7

Official Form 427
## Cover Sheet for Reaffirmation Agreement    1  2/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

### Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

| | | |
|---|---|---|
| 1. | Who is the creditor? | PINELLAS FEDERAL CREDIT UNION |
| | | Name of the creditor |
| 2. | How much is the debt? | On the date that the bankruptcy case is filed $7,795.04 |
| | | To be paid under the reaffirmation agreement $7,808.06 |
| | | $268.86 per month for 30 months (if fixed interest rate) |
| 3. | What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).) | Before the bankruptcy case was filed 2.65%<br><br>Under the reaffirmation agreement 2.65%  ■ Fixed Rate<br><br>☐ Adjustable Rate |
| 4. | Does collateral secure the debt? | ☐ No<br><br>■ Yes. Describe the collateral. 2013 NISSAN ROGUE  VIN: JN8AS5MV4DW658137<br><br>Current market value  $ 7,400.00<br>This is an estimate by the creditor of the current market value and is NOT to be construed as a judicial admission by the Creditor as to the value for other purposes in this case. |
| 5. | Does the creditor assert that the debt is nondischargeable? | ■ No<br><br>☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable. |

***DEBTOR(S) TO COMPLETE ALL ENTRIES BELOW***

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 6. | Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts. | 6a. | Combined monthly income from line 12 of Schedule I | $ 4862.56 | 6e. | Monthly income from all sources after payroll deductions | $ 4862.56 |
| | | 6b. | Monthly expenses from line 22c of Schedule J | -$ 5428.87 | 6f. | Monthly expenses | -$ 3405.87 |
| | | 6c. | Monthly payments on all reaffirmed debts not listed on Schedule J | -$ 0 | 6g. | Monthly payments on all reaffirmed debts not included in monthly expenses | -$ 0 |
| | | 6d. | Scheduled net monthly income<br>Subtract lines 6b and 6c from 6a.<br>If the total is less than 0, put the number in brackets. | $ (566.31) | 6h. | Present net monthly income<br>Subtract lines 6f and 6g from 6e.<br>If the total is less than 0, put the number in brackets. | $ 1456.69 |

Official Form 427      Cover Sheet for Reaffirmation Agreement      page 1

Debtor 1   Floyd E. Egner, III aka Floyd Egner and Susan L. Suby aka Sue Suby        Case number (if known)   8:19-bk-01567-CPM

| | | |
|---|---|---|
| 7. | Are the income amounts on lines 6a and 6e different? | ☒ No <br> ☐ Yes.   Explain why they are different and complete line 10. _____ |
| 8. | Are the expense amounts on lines 6b and 6f different? | ☐ No <br> ☒ Yes.   Explain why they are different and complete line 10. _On schedule J filed Debtors SS income was deducted per case law_ |
| 9. | Is the net monthly income in line 6h less than 0? | ☒ No <br> ☐ Yes.   A presumption of hardship arises (unless the creditor is a credit union). Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10. |
| 10. | Debtor's certification about lines 7-9 <br><br> If any answer on lines 7-9 is *Yes*, the debtor must sign here. <br><br> If all the answers on lines 7-9 are *No*, go to line 11. | I certify that each explanation on lines 7-9 is true and correct. <br><br> X _[signature]_        X _Susan L. Suby_ <br>   Signature of Debtor 1              Signature of Debtor 2 (Spouse Only in a Joint Case) |
| 11. | Did an attorney represent the debtor in negotiating the reaffirmation agreement? | ☐ No <br> ☒ Yes.   Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement? <br>           ☐ No <br>           ☒ Yes |

**Part 2:   Sign Here** (To Be Completed by Attorney For Creditor)

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement*

_[signature]_                                                        Date   04 / 08 / 2019
Signature                                                                  MM / DD / YYYY

_Jessica Hicks_
Printed Name

Check one:

☐ Debtor or Debtor's Attorney
■ Creditor or Creditor's Attorney

B2400A/B ALT (Form 2400A/B ALT)
(Reaffirmation Agreement) (12/15)

Check box as directed in Part D: Debtor's Statement Reaffirmation Agreement.

☐ Presumption of Undue Hardship

☒ No Presumption of Undue Hardship

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re

Floyd E. Egner, III
aka Floyd Egner
Susan L. Suby
aka Sue Suby

CHAPTER      7
CASE NO.     8:19-bk-01567-CPM

Debtors
_____/

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

■ Part A: Disclosures, Instructions, and Notice to Debtor[1]

■ Part B: Reaffirmation Agreement

■ Part C: Certification by Debtor's Attorney

■ Part D: Debtor's Statement Support of Reaffirmation

☐ Part E: Motion for Court Approval

*[Note: Complete Part E only if this Reaffirmation Agreement is not signed by an attorney for the debtor who assisted in the negotiation of this Agreement. **Note also:** If you complete Part E, you must prepare and file Form 2400C ALT - Order on Reaffirmation Agreement.]*

Name of Creditor:

**PINELLAS FEDERAL CREDIT UNION**

■ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

**PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR**

    a.    **DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**

This Summary is made pursuant to the requirements of the Bankruptcy Code.

**DATE OF DISCLOSURE**                                                                                                     **March 6, 2019**

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm:                                                                   **$7,808.06**

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have*

---

[1] All references to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.

*accrued as of the date of this disclosure. The interest rate disclosure is below. If the loan is an adjustable rate loan then the total amount to be paid under this agreement may vary due to changes in the interest rate. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure, including late charges and other charges as permitted by the loan documents. If the loan is escrowed, then the total amount to be paid is subject to adjustment due to changes in escrow as permitted in the loan agreement. Consult your credit agreement.*

**ANNUAL PERCENTAGE RATE**             2.65%

                                     X   Fixed Rate             Variable Rate

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

    a. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

        (i) The above figure represents the Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed.

    b. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

Property Subject to Security Interest:

2013 NISSAN ROGUE   VIN: JN8AS5MV4DW658137

Original Purchase Price of Original Amount of Loan:

$12,229.24

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

    Your first payment in the amount of $268.86 is due on March 12, 2019, but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable. The payment amount will change on account of changes in the interest rate (if a variable rate loan) and changes due to escrow items such as taxes and insurance (if an escrowed loan) and may change on account of other provision of the loan agreement.

    Your payment schedule will consist of approximately 30 (number) payments in the amount set forth above payable on the 12TH (day) of each month. The total number of payments may change on account of missed future payments, late future payments, changes in the interest rate, changes in escrow items, and other changes as provided in the loan agreement.

**2. INSTRUCTIONS AND NOTICE TO DEBTOR**

    Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

    1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

    2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

    3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor IS NOT a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor IS a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

8. YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

> NOTE: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

4

PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below. I (we) agree to the reaffirm the Credit Agreement and agree to be bound by all the terms and conditions of the Credit Agreement which is incorporated herein by reference. I (we) agree to the annual percentage rate disclosed in Part A and agree to the make payments as described in the repayment schedule disclosed in Part A each month until the debt has been satisfied. I (we) waive any defense(s) that I (we) may have to the indebtedness due under the credit agreement by reason of my bankruptcy or otherwise.

1. Property Subject to Security Interest:   See Disclosure Statement, Part A.

2. Original Loan Amount:   See Disclosure Statement, Part A.

3. Description of any changes to the credit agreement made as part of this reaffirmation agreement:   NONE

4. If you decide to exercise your right to rescind this Reaffirmation Agreement, the Notice of Rescission shall be sent in writing to the Creditor at the following address:

   PINELLAS FEDERAL CREDIT UNION
   10273 Ulmerton Road
   Largo, FL 33771

**SIGNATURES:**
*(Debtor(s) must also sign in Part D, below)*

Debtor Signs: _____   Date: 3/12/19
              Floyd Emmett Egner III

Joint Debtor Signs: _____   Date: 03-12-19
                    Susan C. Suby

*******************************************************************

**Accepted For Creditor by Attorney or Agent for Creditor:**

_____   Date: 04/08/2019
Jessica Hicks as Attorney-in Fact or agent for Creditor

5

## PART C: CERTIFICATION BY ATTORNEY FOR DEBTOR(S) (If Any)

*[To be completed and filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the Debtor is able to make the required payment.

**Attorney Signs:** _____   **Date:** 3/18/19
Carolyn Secor, Esq.

**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**

*[Read and complete sections 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney who signed this Reaffirmation Agreement, read section 3.*

*Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship."*

*Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $_____, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $_____, leaving $_____, to make the required payments on this reaffirmed debt.

2. Rule 4008 Comparison of Net Monthly Income and Current Monthly Expenses as listed in this Reaffirmation Agreement with Net Monthly Income and Current Monthly Expenses as stated in Schedules I and J:

The total net monthly income (take home pay plus any other income received) as stated on my Schedule I when I filed by bankruptcy petition is $_____, and the total monthly expenses as listed on my Schedule J is $_____.

These amounts are (check one):

☐ the same as the net monthly income and total monthly expenses as listed in the Debtor's Statement above required by 11 U.S.C. §524(k), or

☐ different from the net monthly income and total monthly expenses as listed in the Debtor's Statement above required by 11 U.S.C. §524(k). If different, the Debtor(s) must include an explanation of any difference. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:_____

_____
_____

(attach an additional sheet if necessary)

3. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

**SIGNATURES:**
*(Debtor(s) must also sign in Part B, above)*

Debtor Signs: X_____ Date: 3/12/19
            Floyd Emmett Egfier III

Joint Debtor Signs: X _Susan C. Suby_____ Date: 03-12-19
                   Susan C. Suby
                   — Or —

7

*[If the creditor is a Credit Union and the debtor is represented by an attorney who negotiated and signed this Reaffirmation Agreement]*

I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

**SIGNATURES:**
*(Debtor(s) must also sign in Part B, above)*

**Debtor Signs:** X _[signature]_ Date: 3/12/19
Floyd Emmett Egner III

**Joint Debtor Signs:** X _Susan C Suby_ Date: 03-12-19
Susan C. Suby

8

**PART E: MOTION FOR COURT APPROVAL**

*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement and who signed this agreement. A separate Motion which refers to this Reaffirmation Agreement may also be used.]*

### MOTION BY DEBTOR(S) FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):_____
_____
_____
_____

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (check all applicable boxes):

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

**SIGNATURES:**
*(If Motion completed, Debtor(s) must sign below and in Parts B and D, above)*

Debtor Signs:_____ Date:_____
　　　　　　　Floyd Emmett Egner III

Joint Debtor Signs:_____ Date:_____
　　　　　　　Susan C. Suby